# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **JENNIFER STIDHAM,** | ) |
| Plaintiff, | ) |
| | ) **REPORT AND RECOMMENDATION** |
| **v.** | ) |
| | ) |
| **JASON E. JACKSON,** | ) |
| | ) **Civil Action No. 2:07cv00028** |
| and | ) |
| | ) |
| **TOWN OF COEBURN,** | ) |
| **VIRGINIA,** | ) **BY: PAMELA MEADE SARGENT** |
| Defendants. | ) **UNITED STATES MAGISTRATE JUDGE** |

The plaintiff, Jennifer Stidham, brought this case against defendants Jason E. Jackson, individually and in his official capacity, and the Town of Coeburn, Virginia, ("the Town"). Stidham seeks recovery under 42 U.S.C. § 1983 based on a denial of her constitutional right to due process by defendant Jackson. Stidham's claims stem from an alleged sexual assault committed against her by Jackson, who was, at the time of the alleged assault, a police officer employed by the Town. The sole allegations asserted in Stidham's original complaint, (Docket Item No. 1), ("Complaint"), against the Town are that the Town was aware of Jackson's actions and the Town failed to protect Stidham.

This matter is currently before the court on the Town's Motion to Dismiss the case due to the plaintiff's failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), (Docket Item No. 6), ("Motion to Dismiss"). In response to the Motion to Dismiss, the plaintiff has moved to amend

-1-

the Complaint, (Docket Item No. 8), ("Motion to Amend"), and has admitted in her Memorandum In Opposition To Motion To Dismiss And In Support Of Motion To Amend Complaint, (Docket Item No. 9), ("Plaintiff's Brief"), that the complaint fails to state a claim against the Town under § 1983. Thus, based on the plaintiff's own admissions, if the Motion to Amend is not granted, the Motion to Dismiss should be granted. This court has jurisdiction in this case pursuant to 28 U.S.C. §§ 1331, 1343 and 1367. These motions are before the undersigned magistrate judge by referral pursuant to 28 U.S.C. § 636(b)(1)(B). Neither party has requested oral argument on the pending motions. Therefore, the motions will be decided on the written submissions of the parties. As directed by the order of referral, the undersigned now submits the following report and recommended disposition.

*I. Facts*

Stidham filed her Complaint with this court on June 1, 2007, asserting violations of § 1983 which allegedly occurred on June 8, 2005. (Complaint at 1-2.) In response to the Motion to Dismiss, Stidham filed her Motion to Amend and her proposed amended complaint, (Docket Item No. 8, Exhibit A), ("Amended Complaint"), on July 13, 2007.

For the purpose of the court's consideration of the Motion to Dismiss, the facts, as alleged in the Complaint, will be accepted as true. Stidham alleges that on or about June 1, 2005, she was pulled over by Jackson as the result of a traffic stop and was issued a summons for speeding and driving with a suspended license. (Complaint at 2.) Stidham became quite upset about the citation, and Jackson informed her that if

she would come back into town about 2:30 a.m., when his sergeant was no longer with him, he "would think of a way to make the tickets go away." (Complaint at 2.)

Approximately one week later, on June 8, 2005, Stidham alleges that Jackson came to her residence uninvited between 12:30 and 1:00 a.m. and told the plaintiff that "he would make the tickets disappear if plaintiff would take her clothes off for him and they would exchange 'a favor for a favor.'" (Complaint at 2.) Shortly thereafter, Officer Salyers came to Stidham's door and, after being told by Jackson that Jackson was there on official business, Officer Salyers left the premises. (Complaint at 2.) While at Stidham's residence, Jackson allegedly exposed himself, exerted influence and refused to leave the premises. (Complaint at 2.) Furthermore, he allegedly forcefully removed Stidham's pants and sexually assaulted her before abruptly leaving and stating "I'll be back." (Complaint at 2.) Stidham alleges that both the Town and the Coeburn Police Department were aware of Jackson's sexual assault upon her.

In Stidham's Amended Complaint, she also alleges that the Town had regulations prohibiting the exchange of a "favor for a favor," which they failed to enforce despite knowledge that officers were engaging in this behavior. (Amended Complaint at 3.) Stidham asserts that the Town and the Coeburn Police Department's conduct amounted to deliberate indifference to or tacit authorization of "a favor for a favor" exchanges between officers and citizens, which led to Stidham's injury in this case. (Amended Complaint at 3.)

-3-

## II. Analysis

*A. Motion to Amend*

Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend "shall be freely given when justice so requires." However, leave to amend may be denied if it is apparent that the movant has a dilatory motive, is acting in bad faith or the amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Ward Elecs. Serv., Inc. v. First Commercial Bank*, 819 F.2d 496, 497 (4th Cir. 1987). Whether a motion to amend should be denied in a particular case is within the district court's discretion. *See Medigen of Ky., Inc. v. Public Serv. Comm'n of W.Va.,* 985 F.2d 164, 167 (4th Cir. 1993) (citing *Nat'l Bank v. Pearson*, 863 F.2d 322, 327 (4th Cir. 1988)). "A court may refuse to allow leave to amend pleadings when the proposed changes would be futile." *New Beckley Mining Corp. v. Int'l Union, United Mine Workers of Am.*, 18 F.3d 1161, 1164 (4th Cir. 1994) (citing *Foman*, 371 U.S. at 182).

Rule 15(c) governs situations in which an "amendment of a pleading relates back to the date of the original pleading." Furthermore, Rule 15(c)(2) states that an amendment relates back to the original complaint if "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). The Supreme Court has stated that "relation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." *Mayle*, 545 U.S. at 659 (quoting *Clipper Exxpress v. Rocky*

*Mountain Motor Tariff Bureau, Inc.*, 690 F.2d 1240, 1259 n.29 (9th Cir. 1982)).

It is well settled that "where an amendment to a complaint is allowed which does not introduce a new cause of action, the date of the commencement of suit and not the date of the amendment governs in applying the statute of limitations." *Atl. Seaboard Corp. v. Fed. Power Comm'n*, 201 F.2d 568, 571-72 (4th Cir. 1953) (citation omitted). The negative of this statement is that an amendment which asserts a new cause of action does not relate back. Moreover, an amended complaint based upon entirely different theories, facts and occurrences does not relate back to the original complaint. *See Painter v. Mohawk Rubber Co.*, 636 F. Supp. 453, 456 (W.D. Va. 1986).

In this case, the alleged actions which form the basis of Stidham's claim occurred on June 8, 2005. (Complaint at 2; Amended Complaint at 2.) Stidham's Motion to Amend was filed on July 13, 2007, more than two years later. There is no federal statute of limitations period for an action brought under 42 U.S.C. § 1983. *See Wilson v. Garcia*, 471 U.S. 261, 266 (1985). Instead, the statute of limitations period is taken from the applicable state law statute of limitations for personal injury in the state where the alleged wrong occurred. *See Owens v. Okure*, 488 U.S. 235, 239-40 (1989). The alleged attack on Stidham occurred in Virginia; thus, Virginia's two-year statute of limitations period for personal injury claims is applicable. *See Cornett v. Weisenburger*, 454 F. Supp. 2d 544, 547 (W.D. Va. 2006); VA. CODE ANN. § 8.01-243 (2000 Repl. Vol.). As a result, if an amendment to Stidham's claim would not relate

back to the filing of the Complaint under Rule 15(c)(2),[1] the Amended Complaint should be disallowed as futile because it would constitute a new charge upon which the statute of limitations has expired.

To state a claim under § 1983, one must allege that the defendant (1) acted under color of state law and (2) deprived the plaintiff of a constitutional right, privilege or immunity. *See* 42 U.S.C.A. § 1983 (West 2003); *West v. Atkins*, 487 U.S. 42, 48 (1988). This section should be broadly construed. *See Dennis v. Higgins*, 498 U.S. 439, 443 (1991). However, a municipality can be held liable under § 1983 only if it "causes . . . a deprivation [of federal rights] through an official policy or custom." *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978)). Furthermore, "no municipality can 'be held liable under § 1983 on a *responde at* [sic] *superior* theory.'" *Carter*, 164 F.3d at 218 (quoting *Monell*, 436 U.S. at 691).

While the Complaint and the Amended Complaint revolve around the same assault upon Stidham, there are absolutely no facts alleged in the Complaint that could establish any cause of action against the Town based upon the theory asserted in the Amended Complaint. In the Plaintiff's Brief, she acknowledged that her Complaint does not state a cause of action against the Town under § 1983 and requested leave to amend the Complaint so that it would state an actual claim against the Town. (Plaintiff's Brief at 1-2.) As a result, the plaintiff has admitted that the Amended

---

[1] In her brief, Stidham has not raised the argument that Virginia law permits relation-back in this case pursuant to Rule 15(c)(1); therefore, that issue is deemed waived. *See Locklear v. Bergman & Beving AB*, 457 F.3d 363, 365 n.2 (4th Cir. 2006) (citing *Carter v. Lee*, 283 F.3d 240, 252 n.11 (4th Cir. 2002)).

Complaint seeks to assert a completely new cause of action.

A reading of the Amended Complaint confirms that the plaintiff is not merely attempting to amend the Complaint to conform to the evidence already presented; instead, the Amended Complaint asserts an entirely new set of facts and occurrences in an attempt to demonstrate an official policy or custom of the Town that led to Stidham's assault. These new facts and occurrences are presented in the Amended Complaint to establish a different legal theory of relief against the Town under § 1983. Instead of the *respondeat superior* theory presented in the Complaint, the Amended Complaint asserts new facts and new assertions in an attempt to establish a § 1983 claim pursuant to *Monell* and *Carter*. As indicated above, an amended complaint will not relate back to the original complaint if the amendment is based upon entirely different theories, facts and occurrences, and if it does not share a "common core of operative facts" uniting the original and amended complaints. *Mayle*, 545 U.S. at 659 (internal quotation marks and citations omitted). *See also Painter*, 636 F. Supp. at 456.

Furthermore, it is proper for a court to deny a motion to amend when the plaintiff knew or should have known facts which formed the basis for the new claim and failed to present any valid reason why they were not previously raised. *See Lee X v. Casey*, 771 F. Supp. 725, 733 (E.D. Va. 1991) (citing *Foman*, 371 U.S. at 182, and *First Nat'l Bank of Louisville v. Master Auto Serv. Corp.*, 693 F.2d 308, 314 (4th Cir. 1982)). In this case, there has been no indication made by the plaintiff that she did not know the facts and occurrences newly included in her Amended Complaint when she originally filed her Complaint only a month and a half prior. Moreover,

-7-

these newly presented facts and occurrences appear with no justification as to why they were not included originally in the Complaint.

Because the Amended Complaint asserts a new cause of action, it cannot relate back pursuant to Rule 15(c)(2). The new cause of action alleged in the Amended Complaint was filed after the expiration of the statute of limitations period. Thus, the court should refuse to allow leave to file this Amended Complaint because it would be futile and would be a waste of judicial economy. *See New Beckley Mining*, 18 F.3d at 1164.

*B. Motion to Dismiss*

A motion to dismiss made under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. In considering such a motion, the court should accept as true all well-pleaded allegations and view the complaint in the light most favorable to the plaintiff. *See, e.g., De Sole v. United States*, 947 F.2d 1169, 1171 (4th Cir. 1991) (citing *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969)). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

For quite some time this court has cited *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), for the proposition that in order to grant a motion to dismiss, it must appear certain that the plaintiff cannot prove any set of facts in support of her claim entitling her to relief. *See also Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). However, the Supreme Court recently revisited the proper standard of review

for a motion to dismiss and stated that the "no set of facts" language from *Conley* has "earned its retirement" and "is best forgotten" because it is an "incomplete, negative gloss on an accepted pleading standard." *Bell Atl. Corp. v. Twombly*, 550 U.S. __, 127 S. Ct. 1955, 1969 (2007).

In *Twombly*, the Supreme Court stated that "a plaintiff's obligation to provide the 'grounds' of [her] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 127 S. Ct. at 1964-65 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 125 S. Ct. at 1965 (citations omitted). Additionally, the Court established a "plausibility standard" in which the pleadings must allege enough to make it clear that relief is not merely conceivable but plausible. *See Twombly*, 125 S. Ct. at 1965-69.

Therefore, when a 12(b)(6) motion deals with a civil rights complaint, the court should not dismiss the claim unless it appears certain that the plaintiff is not entitled to relief under any legal theory which might plausibly be suggested by the facts alleged. *See Harrison v. U. S. Postal Serv.*, 840 F.2d 1149, 1152 (4th Cir. 1988). However, the court need not accept as true the legal conclusions set forth in a plaintiff's complaint. *See Edwards*, 178 F.3d at 244. Furthermore, mere legal conclusions couched as factual allegations need not be accepted as true. *See Assa'Ad-Faltas v. Virginia*, 738 F. Supp. 982, 985 (E.D.Va. 1989) (citing *Papasan,* 478 U.S. at 286).

As discussed previously, a municipality can be held liable under § 1983 only if it "causes . . . a deprivation [of federal rights] through an official policy or custom." *Carter*, 164 F.3d at 218 (citing *Monell*, 436 U.S. at 690-91). Furthermore, "no municipality can 'be held liable under § 1983 on a *responde at* [sic] *superior* theory.'" *Carter*, 164 F.3d at 218 (quoting *Monell*, 436 U.S. at 691).

Also as indicated previously, the court believes that the plaintiff's Motion to Amend should be denied in this case. As a result, the Complaint, viewed unamended, merely asserts a § 1983 claim against the Town based on a *respondeat superior* theory. (Complaint at 1-3.) The Complaint included absolutely no assertion of any "official policy or custom" by which the Town caused her alleged deprivation of rights. *Carter*, 164 F.3d at 218 (citing *Monell*, 436 U.S. at 690-91); *see also Randall v. Prince George's County, Md.*, 302 F.3d 188, 210-211 (4th Cir. 2002). Therefore, based upon the content of the Complaint, and the plaintiff's admissions previously discussed, the Motion to Dismiss should be granted because the Complaint fails to state a claim against the Town pursuant to § 1983. (Plaintiff's Brief at 1-2.)

Because the plaintiff's claims against the Town fail in their entirety, this court need not discuss the plaintiff's punitive damages claims with respect to the Town.[2] For the reasons outlined above, I recommend that plaintiff's Motion to Amend be denied and the Town's Motion to Dismiss be granted.

---

[2] However, the court notes that a municipality is immune from punitive damages in § 1983 actions. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).

-10-

## III. Proposed Findings of Fact

As supplemented by the above summary and analysis, the undersigned now submits the following formal findings, conclusions and recommendations.

1. The plaintiff's alleged injuries occurred on June 8, 2005;
2. Plaintiff filed her Complaint with this court on June 1, 2007, and the Motion to Amend on July 13, 2007;
3. The Virginia two-year statute of limitations for personal injury claims applies to plaintiff's § 1983 claims;
4. If plaintiff's Amended Complaint asserts a new claim that does not relate back to the original pleading, the claim is not timely filed;
5. A motion to amend does not relate back to the original complaint if it asserts a new cause of action, if it is based upon entirely new theories, facts and occurrences, or if it does not share a common core of operative facts with the original complaint;
6. In response to the Motion to Dismiss, the Plaintiff's Brief admitted that her Complaint fails to state a claim upon which relief may be granted pursuant to 42 U.S.C. § 1983, and sought leave to amend to assert a claim against the Town under a new legal theory under § 1983;
7. Thus, the plaintiff has admitted that the Amended Complaint seeks to assert a new cause of action;
8. Additionally, the Amended Complaint asserts new theories, facts and occurrences, and does not share a common core of operative facts with the originally filed Complaint; therefore, the Amended Complaint does not relate back to the original;
9. A court may refuse to grant leave to amend if the amendment would be futile;
10. Thus, the court should not allow the Amended Complaint because it would add a new claim which is barred by the applicable statute of limitations;
11. A municipality is only liable under a § 1983 theory if it caused a deprivation of constitutional rights through an official policy or custom;
12. No official policy or custom has been presented in the plaintiff's Complaint in this case as the catalyst for her alleged injury;

13. No municipality can be held liable under § 1983 on a *respondeat superior* theory;
14. The only facts relevant to the Town alleged in the Complaint are that the Town employed Stidham's assailant and that the Town knew of the assault, which establishes nothing more than *respondeat superior* liability; and
15. Thus, the plaintiff's Complaint fails to state a claim under § 1983 against the Town.

*IV. Recommended Disposition*

Based on the above stated reasons, I recommend that the court grant the Motion, (Docket Item No. 6), and dismiss the plaintiff's claims against the Town under 42 U.S.C. § 1983 with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

*V. Notice To Parties*

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636 (b)(1)(C):

> Within ten days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed finding or recommendation to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence to recommit the matter to the magistrate judge with instructions.
>
> Failure to file written objection to these proposed findings and

Case 2:07-cv-00028-GMW-PMS   Document 12   Filed 07/26/07   Page 12 of 13   Pageid#: 40

recommendations within 10 days could waive appellate review. At the conclusion of the 10-day period, the Clerk is directed to transmit the record in the matter to the Honorable Glen M. Williams, Senior United States District Judge.

The Clerk is directed to send copies of this Report and Recommendation to all counsel of record.

DATED: This 26th day of July 2007.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE